IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

REBECCA ETHRIDGE                                                    PLAINTIFF

v.                              No. 4:17-CV-00565-JLH-PSH

NANCY A. BERRYHILL,
Deputy Commissioner for Operations,
performing the duties and functions
not reserved to the Commissioner of
Social Security                                                    DEFENDANT

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Findings and Recommendation ("Recommendation") has been

sent to United States District Judge J. Leon Holmes. You may file written objections to

all or part of this Recommendation. If you do so, those objections must: (1) specifically

explain the factual and/or legal basis for your objection; and (2) be received by the Clerk

of this Court within fourteen (14) days of this Recommendation. By not objecting, you

may waive the right to appeal questions of fact.

### DISPOSITION

Rebecca Ethridge ("Ethridge") applied for social security disability benefits with

an alleged disability onset date of May 2, 2013. (R. at 105). After a hearing, the

administrative law judge (ALJ) denied her application. (R. at 29). The Appeals Council

denied Ethridge's request for review. (R. at 1). The ALJ's decision now stands as the

Commissioner's final decision, and Ethridge has requested judicial review.

For the reasons stated below, the Court recommends reversing and remanding

the Commissioner's decision.

## I.    The Commissioner's Decision

The ALJ found that Ethridge had the severe impairment of fibromyalgia. (R. at 21). The ALJ found that Ethridge had the residual functional capacity (RFC) to perform sedentary work except that she could lift and carry up to ten pounds occasionally; sit a total of six hours in an eight-hour workday; stand and walk a total of two hours in an eight-hour workday; occasionally stoop, crouch, bend, kneel, crawl, and balance; would require an option to stand after sitting more than one hour, which would last no more than ten minutes, be performed in the immediate workplace area, and would not interrupt to the work process; and could understand, remember and carry out complex instructions and respond to changes in the workplace. (R. at 23). The ALJ took testimony from a vocational expert, William Elmore ("Elmore"), that Ethridge could perform her past relevant work as a corporate recruiter/trainer. (R. at 29). Elmore explicitly described Ethridge's past work as a skilled job requiring the worker to remember and understand complex work instructions. Therefore, the ALJ held that Ethridge was not disabled. (R. at 29).

## II.    Summary of Medical Evidence During the Relevant Period

Ethridge first presented to Dr. Byron Curtner ("Curtner") in October 2012, several months prior to the alleged onset date of May 2, 2103. She described a history of fibromyalgia. During a November 14, 2013 visit with Dr. Curtner, Ethridge was taking tramadol, Ambien, and skelaxin, as well as Motrin. (R. at 416). She said she still hurt but was getting by okay. (R. at 416). On January 16, 2014, she was "getting by ok" with her fibromyalgia and was taking tramadol three times a day and Ambien nightly. (R. at 526). She visited Curtner for follow-up on April 3, 2014, where her earlier diagnosis of

fibromyalgia was noted. (R. at 523). Curtner encouraged exercise for the fibromyalgia. (R. at 524).

Nicolas Rios, Psy. D., ("Rios"), performed a consultative mental examination on May 14, 2014. (R. at 443). He diagnosed depressive disorder, NOS and rule-out panic disorder. (R. at 445). He assessed Ethridge's Global Assessment of Functioning (GAF) score as 51–60. (R. at 445). Rios observed Ethridge to have average intellectual abilities, reasoning skills, and general fund of information, but that her "attention and recall skills seemed low average." (R. At 444). Rios also found her impairments interfered at least mildly with her day-to-day adaptive functioning, she had mild difficulties interacting and communicating in a socially acceptable manner, she might have mild difficulties coping with the typical cognitive demands of basic work tasks, she had lower than average attention, and was mildly to moderately limited in her ability to complete work-related tasks in an acceptable timeframe. (R. at 445-6). Rios specifically cited Ethridge's "brain fog"[1] as contributing to her ability to recall and maintain attention. (R. at 446).

According to a 2014 medical source statement executed by Curtner, Ethridge had severe symptoms of fibromyalgia, with eighteen positive tender points and constant pain. (R. at 447–48). He further opined that Ethridge would miss several days per week of work due to pain, that she could not walk a city block without rest or severe pain, that she could sit for thirty minutes and stand for ten to fifteen minutes at a time for a total of less than two hours in an eight hour work day, and that she would need to shift positions every fifteen minutes for ten to fifteen minutes at a time. (R. at 449–50). He also indicated that she should not lift even weights of less than ten pounds; she should

---

[1] Ethridge testified to "brain fog" secondary to her pain from fibromyalgia. (R. at 63).

never stoop, bend, crouch, crawl, kneel, climb ladders, climb stairs, look down, turn her head left or right, look up, hold her head in a static position, handle, finger, reach, or reach overhead. (R. at 452). His opinion further states that she has difficulty with memory, adjusting to work changes, distractibility, and other mental impairments as a result of her fibromyalgia and that she would be off task 25% of the time and could not tolerate even "low stress" work. (R. at 452–53).

III.    **Discussion**

The Court reviews to determine whether substantial evidence on the record as a whole exists to support the ALJ's denial of benefits. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997). "Substantial evidence" exists where a reasonable mind would find the evidence adequate to support the ALJ's decision. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). The Court will not reverse merely because substantial evidence also supports a contrary conclusion. *Long*, 108 F.3d at 187.

Ethridge argues that the ALJ erred in discrediting the opinion of Dr. Curtner, discrediting the mental RFC assessment of consultative examiners and the State Agency psychologists, and erred in his questions to the VE.

Ethridge was denied benefits under a prior application where her RFC was established. (R. at 84–92). If that RFC were in place, Ethridge would be unable to perform her past relevant work according to Elmore's testimony. (R. at 76–77). The undersigned therefore ordered additional briefing concerning the application of the collateral estoppel doctrine to the facts of this case, and Ethridge argues that collateral estoppel should apply and that the ALJ was estopped from finding a new RFC.

After considering the arguments of the parties, the undersigned concludes that the doctrine of collateral estoppel does not apply in the present case. *See Hardy v.*

*Chater*, 64 F.3d 405 (8ᵗʰ Cir. 1995). However, the undersigned also concludes that the ALJ's current RFC assessment does not comport with the evidence or the ALJ's stated weighing of the evidence. The undersigned therefore deems it appropriate that this case be reversed and remanded.

Ethridge argues that the ALJ erred in assessing her RFC and that the Medical-Vocational Guidelines, Rule 201.10 dictate a finding of disability. 20 C.F.R. pt. 404, subpt. P, App. 2. The critical factor is whether Ethridge can follow complex instructions or only detailed instructions. Elmore testified that a limitation to detailed instructions would preclude Ethridge's past relevant work, but that a limitation to complex instructions would allow her past relevant work. (R. at 77–78). The pertinent question then is whether there is substantial evidence that Ethridge can follow complex work instructions, as determined by the ALJ. In short, the answer is "no."

Much of the medical evidence of record focuses on Ethridge's fibromyalgia and related issues. However, the evidence regarding mental impairments is consistent and uncontradicted, and there is no basis for the ALJ's conclusion that Ethridge is capable of following complex work instructions. Ethridge, who dropped out of school in the tenth grade, testified to being unable to think clearly on her bad days. (R. at 64, 444). Curtner, her treating physician, opined that Ethridge struggled with memory issues, adjustments to work changes, and being distracted. Rios, who performed a consultative mental evaluation, cited attention and recall problems. Nonexamining state agency physicians found Ethridge capable of unskilled work, and specifically found she would have moderate difficulty understanding and remembering detailed work instructions. (R. at 131). Further, state agency Doctor Janet Cathey ("Cathey") explicitly found Ethridge could not perform her past, skilled work. (R. at 134). The ALJ discounted the

above cited evidence of record, citing a single treating note from 2016 where Ethridge denied depressive symptoms, and citing the ALJ's own finding that Ethridge did not have a severe mental impairment.  These reasons do not squarely address the key issue — is Ethridge capable of understanding and remembering complex work instructions? Complex instructions require more of the employee than do detailed instructions.  Since all of the evidence of record casts doubt on Ethridge's ability to deal with detailed instructions, the Court finds the ALJ's RFC assessment finding Ethridge can follow complex instructions is not supported by substantial evidence.

## IV.     Recommended Disposition

The ALJ's mental RFC assessment is not supported by the evidence of record. The ALJ's decision is therefore not supported by substantial evidence on the record as a whole. For these reasons, the Court recommends REVERSING and REMANDING the decision of the Commissioner for further proceedings consistent with this Recommendation.

It is so ordered this 25th day of July, 2018.

_____
PATRICIA S. HARRIS
UNITED STATES MAGISTRATE JUDGE